Request of House of Representatives
No. 6631

## Opinion of the Justices

May 14, 1973

The following request of the house of representatives for an opinion of the justices was adopted on March 20, 1973, and filed with the supreme court on March 21, 1973:

"WHEREAS, there is pending before the House of Representatives, House Bill No. 79, an act to implement a guaranteed protection plan of motor vehicle insurance and a proposed amendment to said bill, and

"WHEREAS, the constitutionality of House Bill No. 79 has been questioned because of the inclusion therein of the provisions of RSA 407-C:9 and 10 and in other regards,

NOW THEREFORE BE IT

"RESOLVED by the House of Representatives

That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"(1) Would any provisions of the Constitution of the United States or the Constitution of New Hampshire, particularly the 14th amendment of the Constitution of the United States and Articles 14, 20, 35 and 37 of Part One of the Constitution of New Hampshire, be violated by the enactment of the provisions of RSA 407-C:9 as proposed in said House Bill No. 79 which eliminates recovery of damages for pain and suffering in certain personal injury tort claims arising out of motor vehicle accidents?

"(2) If the answer to question no. 1 is in the affirmative, would the proposed amendment to House Bill No. 79 cure the defect?

"(3) If the answer to question no. 1 is in the negative, or if it is in the affirmative but the answer to question no. 2 is in the negative, would your opinion be different if the prohibition contained in RSA 407-C:9 was changed to increase the so-called threshhold therein to one thousand dollars instead of five hundred dollars?

"(4) Can the Legislature constitutionally authorize arbitration of cases in which the amount in controversy is less than $3,000, and require pre-payment of costs of the arbitration procedure as a condition of appeal to the courts as proposed in RSA 407-C:10, in view of Articles 14 and 20 of Part I of the Constitution of New Hampshire?

"Be It Further Resolved, That the Speaker transmit seven copies each of this resolution, of House Bill No. 79, of the analysis of said bill, and of the proposed amendment hereinabove referred to, to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The undersigned justices of the supreme court give the following answers to the questions contained in your resolution of March 20, 1973, filed in this court the following day. Memoranda thereon were to be submitted by April 4, and oral arguments were heard on April 5, 1973.

Your questions pertain to certain provisions of House bill 79 which proposes to amend our *Revised Statutes Annotated* by adding chapter 407-C entitled "Guaranteed Protection Plan of Motor Vehicle Insurance." This proposal is commonly known as a "no-fault" insurance plan for all automobile insurance policies issued in this State. It provides that, in case of an accident involving a motor vehicle, as defined therein, every person insured or covered by such a policy would be entitled to recover from his own insurer the following so-called first party benefits: medical benefits to a limit of $3000; income benefits amounting to 85% of lost wages with a limit of $175 per week for 52 weeks; income benefits for a temporarily unemployed person based upon a percentage of

his usual earnings; disability benefit payments for a student 16 years of age or older; benefits for lost services which the injured person would have performed for himself and his family; and funeral and burial expenses up to $1000. It also provides that optional additional extensions of these coverages must be offered by the insurer. 407-C:2.

Section 407-C:9 provides that a person may not seek or recover compensation for pain and suffering in a tort action arising from an auto accident unless the reasonable and necessary expenses in treating his injury are determined to be in excess of $500. These expenses are to be measured by their reasonable value. This limitation of $500, however, will not apply if the injury results in death, dismemberment, permanent disability, disfigurement, loss of a bodily function, or certain specified fractures.

Section 407-C:10 authorizes the supreme and superior courts to provide by rules for mandatory arbitration of "all or any specific types of cases" where the amount in controversy is $3000 or less. These cases are to be heard by a board of three arbitrators with a trial de novo on the facts and the law in the event of an appeal. Either party may appeal by paying all costs accrued to that time; appellant could recover these costs only if he prevails on appeal. Your questions pertain to the above sections 407-C:9 and 407-C:10.

It is reasonable to deduce from its title, its provisions, and its characterization as a "no fault auto insurance plan" in the analysis attached to it for legislative purposes, that House bill 79 is intended and designed to alleviate the alleged inadequacies of the present tort liability system for reimbursing victims of automobile accidents. *See* Rokes, No Fault Insurance 12 (1971). Among the inadequacies advanced is the overtaxing of the court system by the existing fault method of determining who is entitled to damages and who is to pay them. Another is the inequities alleged to result from the overcompensation of less injured claimants as compared to that paid to those more seriously injured because of, so-called, nuisance settlements made to the former. The difficulty of assessing damages for pain and suffering is also advanced as an argument against retaining the present system. The fault-based system has also been characterized as

"inefficient, overly costly, incomplete and slow." U.S. Department of Transportation, Motor Vehicle Crash Losses and Their Compensation in the United States 100 (1971).

In the multitude of literature and statistics published on this subject, one can find categorical denials of these alleged inadequacies as well as counter charges against the "no fault" system. Some contend that the concept of accountability for bad conduct has been a fundamental principle of law relied on for centuries and its abrogation would lead to irresponsibility on the highways contrary to public policy and the public interest. It is also argued that "no fault" substitutes an inadequate economic loss reparation system at the expense of recovery of full and fair damages for personal injury, including pain and suffering.

Before answering the questions propounded in your resolution it is useful to reiterate the often stated principle that this court is not concerned with, or expressing any opinion on, the wisdom or practicality of House bill 79. Those matters are within the exclusive province of the legislature. *Niemiec v. King,* 109 N.H. 586, 258 A.2d 356 (1969). Nor are we passing any judgment on the social policies in dispute. Our answers must necessarily be limited to the constitutional issues raised by your inquiries. *Opinion of the Justices,* 110 N.H. 117, 262 A.2d 290 (1970).

Your first question reads as follows: "Would any provisions of the Constitution of the United States or the Constitution of New Hampshire, particularly the 14th amendment of the Constitution of the United States and Articles 14, 20, 35 and 37 of Part One of the Constitution of New Hampshire, be violated by the enactment of the provisions of RSA 407-C:9 as proposed by said House Bill No. 79 which eliminates recovery of damages for pain and suffering in certain personal injury tort claims arising out of motor vehicle accidents?"

We consider first whether 407-C:9 would violate provisions of our State constitution referred to in your question. We reserve, because of their similarity to the federal provisions, its due process and equal protection requirements. Section 407-C:9 which sets a dollar amount of medical expenses below which injury victims are denied access to general damages except under certain conditions, is commonly referred to

as a threshold provision. Article 14 of part I of the New Hampshire constitution provides in part that "Every subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, . . . to obtain right and justice freely, . . . completely, and without any denial . . . conformably to the laws." It is argued that the threshold provision violates this article as well as articles 2 and 12 of part I which respectively declare as inherent rights "enjoying . . . life . . . and . . . seeking and obtaining happiness" (art. 2) and being protected in the enjoyment of one's "life, liberty, and property." Art. 12.

These rights are necessarily relative. *Riendeau v. Milford Municipal Court,* 104 N.H. 33, 34, 177 A.2d 396, 398 (1962). As indicated in article 14 the remedies provided are to be "conformably to the laws." This means the rules of statutory and common law applicable at the time the injury is sustained. *Pinnick v. Cleary,* 271 N.E.2d 592, 599 (Mass. 1971). "No person has a vested interest in any rule of law entitling him to insist that it shall remain unchanged for his benefit." *New York Cent. R.R. v. White,* 243 U.S. 188, 198, 61 L. Ed. 667, 672, 37 S. Ct. 247, 250 (1917). The threshold provision of 407-C:9 modifies the existing common-law rule of measuring damages in automobile injuries to the extent that persons who do not meet its criteria are precluded from claiming amounts for pain and suffering and related considerations as an element of their damages. *See Rosenbloom v. Metromedia, Inc.,* 403 U.S. 29, 29 L. Ed. 2d 296, 91 S. Ct. 1811 (1971). It would apply only to accidents which will occur after its enactment and would not invade any vested constitutional rights guaranteed by these articles of the State constitution. *Munn v. Illinois,* 94 U.S. 113, 134, 24 L. Ed. 77, 87 (1876).

In those cases where the plaintiff does not incur "reasonable and necessary expenses" for medical treatments in excess of five hundred dollars or sustain a physical injury of the type defined in RSA 407-C:9 (III) his damages would be paid by his own insurer. The amount of damages recoverable would be simply his out-of-pocket losses, as computed under RSA 407-C:9 (II), and there would be no need to allocate fault for the accident. Keeton & O'Connell, Basic Protection for the Traffic Victim 497 (1965). In much the same manner

as the labor commissioner assesses the "reasonable value of services" for medical and hospital care of an injured employee under our workmen's compensation law (*see* RSA 281:21-a (Supp. 1972)) the trial judge would consider the medical bills and any other competent evidence to determine the reasonable and necessary expenses for medical treatment. See RSA 407-C:14. If the evidence did not indicate medical expenses above the threshold or the specified injuries the plaintiff would have no right to claim damages for pain and suffering (*see Rosenberg v. Town of North Bergen,* 61 N.J. 190, 199, 293 A.2d 662, 667 (1972)) and there would be no issue to be tried to a jury. *See Hartford Accident & Indem. Co. v. Duvall,* 113 N.H. 28, 31, 300 A.2d 732, 734 (1973); *Carbonneau v. Hoosier Eng'r Co.,* 96 N.H. 240, 73 A.2d 802 (1950); *Roy v. Manchester Gas Co.,* 104 N.H. 318, 185 A.2d 486 (1962); *Petition of Boston & Maine Corp.,* 109 N.H. 324, 251 A.2d 332 (1969). Once the evidence indicates that plaintiff has suffered threshold injuries, he would be entitled to pursue his common-law tort action with the issues of negligence, comparative negligence, and general damages to be submitted to a jury or other triers of fact. Hence 407-C:9 would not be in violation of article 20 of part I of the New Hampshire constitution providing for trial by jury. Nor can we see any violation of article 35 pertaining to the right to an impartial interpretation of the laws and administration of justice or article 37 pertaining to the separation of powers in the government of the State. *Pinnick v. Cleary,* 271 N.E.2d 592, 611 (Mass. 1971).

The remaining considerations pertain to whether the threshold provision of 407-C:9 would violate the due process and equal protection provisions of the Constitution of the United States (fifth and fourteenth amendments) and of the constitution of New Hampshire. N.H. CONST. pt. I, arts. 1, 12. For these purposes, we consider these federal and State constitutional provisions as having the same requirements. To comply with due process, legislation such as this must bear a reasonable relation to a permissible legislative objective. *Allen v. Manchester,* 99 N.H. 388, 111 A.2d 817 (1955); *West Coast Hotel Co. v. Parrish,* 300 U.S. 379, 391, 81 L. Ed. 703, 708, 57 S. Ct. 578, 581-82 (1936). We must

assume for the purposes of this opinion that the object of proposed RSA ch. 407-C as a whole, and 407-C:9 in particular, is to relieve court congestion caused by the present system of allocating damages in automobile cases and to substitute a more efficient and equitable method of compensating the victims. Whether this legislation will in fact accomplish these ends is not of moment at this juncture if the legislature has reason to assume that it will.

Those injured persons who do not meet the threshold are not left without a remedy. A new system of recovery is substituted for the existing remedy. It is similar in many respects to our Workmen's Compensation Act (RSA ch. 281). The constitutionality of such statutes, which have been considered as reforms of the common law of torts, is now "firmly established". 1 Larson, Workmen's Compensation Law § 5.20, at 38 (1972); *accord,* Constitutional Problems in Automobile Accident Compensation Reform 50 (1970); *see New York Cent. R.R. v. White,* 243 U.S. 188, 201, 61 L. Ed. 667, 674, 37 S. Ct. 247, 252 (1917). We are of the opinion that this similar reform in the law relating to automobile injuries also meets due process requirements. The threshold used as a criterium to delineate when damages for pain and suffering are recoverable and when they are not cannot be said to be arbitrary or unreasonable. The legislature could properly decide that in cases where the threshold is not met a claim for pain and suffering, which defies accurate monetary loss, did not justify continuation of the present system. The criteria of $500 medical specials or death or specific injuries constituting the point of demarcation are sufficiently rationally related to serious injury in general, and thereby to seriousness of pain and suffering, as not to constitute an invidious discrimination. *See Gomez v. Perez,* 409 U.S. 535, 35 L. Ed. 2d 56, 93 S. Ct. 872 (1973); *Richardson v. Belcher,* 404 U.S. 78, 30 L. Ed. 2d 231, 92 S. Ct. 254 (1971). We are of the opinion that House bill 79 bears a rational relation to a legitimate legislative objective and provides a reasonable substitute for existing rights. *Pinnick v. Cleary,* 271 N.E.2d 592 (Mass. 1971).

The answer to question No. 1 is "No" the enactment of RSA 407-C:9 which eliminates recovery of damages for pain

and suffering if its threshold provision is not met would not violate the Constitution of the United States or the constitution of the State of New Hampshire. This negative answer obviates the need to answer your question No. 2.

Your question No. 3 seeks our opinion as to whether the constitutionality of House bill 79 would be affected if the threshold in proposed RSA 407-C:9 should be increased to $1000 in medical expenses from the present $500. The purpose of the threshold is to eliminate recovery of damages for pain and suffering from certain minor personal injury claims. It is logical to assume that the higher the threshold the greater will be the reduction in number of tort claims. The test is whether a $1000 threshold would have a fair and substantial relation to the object of the legislation. There is no mathematical or logical way of fixing this point with precision. The judgment of the legislature must be accepted unless it is very wide of any reasonable line of demarcation. *Pinnick v. Cleary*, 271 N.E.2d 592, 610-11 (Mass. 1971). We cannot say that a $1000 threshold would not be acceptable. The answer to question No. 3 is "No", increasing the threshold in 407-C:9 to $1000 in medical expenses would not affect the constitutionality of House bill 79.

Your question No. 4 reads as follows: "Can the Legislature constitutionally authorize arbitration of cases in which the amount in controversy is less than $3000, and require prepayment of costs of the arbitration procedure as a condition of appeal to the courts as proposed in RSA 407-C:10, in view of Articles 14 and 20 of Part I of the Constitution of New Hampshire?"

The proposed RSA 407-C:10 provides that the supreme and superior courts "may by rules of court provide that all or any specific types of cases filed in the superior, district or municipal courts where the amount in controversy shall be three thousand dollars or less, except those involving title to real estate, shall first be submitted to and heard by a panel of three members of the bar of this state who shall arbitrate the issues in such cases." 407-C:10 (I). Either party may appeal from an award by paying all costs accrued which may be recovered by him in the event he prevails. All appeals shall be de novo as to the law and the facts. 407-C:10 (II) (d).

It is clear from the language of article 20 of part I of the New Hampshire constitution that neither the legislature nor the courts, by rules or otherwise, have the right or power to deny the parties a jury trial without consent when there are issues of fact to be decided in a controversy involving an amount in excess of $500 or title to real estate, with certain exceptions not material. *Copp v. Henniker,* 55 N.H. 179, 194 (1875). The jury trial need not be had in the first instance if a reasonably unfettered right of appeal is allowed to a court where the constitutional right of trial by jury can be enjoyed. *Id.* at 196; *Capital Traction Co. v. Hof,* 174 U.S. 1, 23, 43 L. Ed. 873, 881, 19 S. Ct. 580, 589 (1899); *Nassif Realty Corp. v. National Fire Ins. Co.,* 107 N.H. 267, 269-70, 220 A.2d 748, 750 (1966).

Argument has been made that the usual fee paid for the comparable services of masters, referees and auditors is $125 per day. This would constitute a $375 per day cost for the panel of three arbitrators to be multiplied by the average length of such proceedings which could be two or three days. We are of the opinion that a payment which could amount to $750 or $1125 to obtain a jury trial on appeal of a case involving $3000 or less, even though provision is made for reimbursement if the appeal is successful, would be an unreasonable condition imposed on the right to appeal and would constitute an unconstitutional infringement upon the right to trial by jury in those automobile cases which meet the threshold. Our answer to question No. 4 is "No" the legislature cannot constitutionally impose arbitration as provided by the terms of proposed RSA 407-C:10.

FRANK R. KENISON
EDWARD J. LAMPRON
ROBERT F. GRIFFITH

May 14, 1973.

*To the House of Representatives:*

In the opinion of the undersigned justices, your first question should be answered "Yes". The assumption that the drastic remedy proposed by section 407-C:9 of House bill 79

is required in order to relieve our courts of congestion or delay caused by automobile accident litigation is one which we are not prepared to make. In our opinion, abolition of the rights of a class of persons injured in automobile accidents to recover damages for their injuries in full would contravene the plain language of article 14, part I of the New Hampshire constitution, in the absence of provision of a satisfactory substitute; and certainly recovery of only a limited portion of such damages cannot be equivalent to recovery of the damages in full. Society cannot escape its responsibility to provide justice by simply eliminating the rights of its citizens. *Opinion of the Justices*, 25 N.H. 537, 539-40 (1852).

Exercise of the police power by legislative act depends for its validity upon whether the means employed are reasonably necessary to accomplish the ends in view; and whether the regulations proposed are reasonable, in turn depends upon the seriousness of the evil to be overcome, the magnitude of the curtailment of individual rights affected, and the availability and effectiveness of other less drastic measures. *Goldblatt v. Hempstead*, 369 U.S. 590-95 (1962); *Woolf v. Fuller*, 87 N.H. 64, 68-69 (1934); *Donnelly v. Manchester*, 111 N.H. 50, 274 A.2d 789 (1971). We are not convinced that most of the benefits sought by the bill could not be attained by requirement of the accident insurance provisions proposed by the bill, without restriction of the right of full recovery in tort which section 407-C:9 would impose.

Section 407-C:9 in our opinion would also violate the constitutional guarantee of the equal protection of the laws. N.H. CONST. pt. I, arts. 1, 14; *Opinion of the Justices*, 86 N.H. 597 (1933). Only persons injured by automobile accidents within the State would be subject to its requirements. Those injured in other ways would be entitled to seek recovery of their damages in full. Subjection of automobile injury cases to the limitations of section 407-C:9, apart from cases involving enumerated injuries or death, would depend upon the "reasonable value" of "medical treatment expenses" required, a standard not rationally related either to the extent of accompanying pain and suffering, or the monetary value of damages therefor. For such reasons, the classifications made by section 407-C:9 would produce discriminations

which appear to us to be without the necessary rational foundation. *Woolf v. Fuller supra; see Brown v. Merlo,* 506 P.2d 212, 106 Cal. Reptr. 388 (1973). As before stated, we answer your first question "Yes".

The constitutional objections which prompt this answer would not be obviated by enactment of the proposed amendment to House bill 79. They would only be magnified by increasing the threshold figure to one thousand dollars. We therefore answer your second and third questions "No".

We agree with the opinion of the majority of the justices that section 407-C:10 of the bill relating to arbitration would be unconstitutional and accordingly answer your fourth question "No".

LAURENCE I. DUNCAN
WILLIAM A. GRIMES

May 14, 1973.

*Ernest L. Bell,* by memorandum of law, for affirmative answer to question No. 1 and for negative answers to questions No. 2, 3, and 4.

*Shane Devine,* by memorandum of law and orally, for affirmative answer to question No. 1 and for negative answers to questions No. 2, 3, and 4.

*McLane, Carleton, Graf, Greene & Brown* and *R. David DePuy, Michael P. Hall, James C. Hood, Stephen J. Selden,* and *Stanley M. Brown (Mr. Brown* orally), for affirmative answer to question No. 1 and for negative answers to questions No. 2, 3, and 4.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *John E. Friberg, James C. Wheat,* and *Philip G. Peters (Mr. Peters* orally), for affirmative answer to question No. 1 and for negative answers to questions No. 2, 3, and 4.

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross (Mr. Gross* orally), for American Insurance Association, American Mutual Insurance Alliance, and National Association of Independent Insurors, for negative answers to questions No. 1 and 3.