**NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 90-B-933.**

United States District Court, D. Colorado.

Sept. 20, 1991.

Gregory M. Hilgers, Arvada, Colo., for plaintiff.

J. Greg Whitehair, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION
## AND ORDER

BABCOCK, District Judge.

Defendant United States of America (United States) moves for dismissal or in the alternative for summary judgment. Both parties agree that there is no genuine dispute of material fact and these motions can be resolved as a matter of law. The issue has been adequately briefed and oral argument will not materially assist its resolution. Plaintiff Nationwide Mutual Insurance Company (Nationwide) contends that it can bring this subrogation action under the Federal Tort Claims Act (FTCA) and Colorado's Auto Accident Reparations Act because the United States is not an insurer licensed to write automobile insurance policies in this state. I agree and deny defendant's motion.

The facts are not in dispute. On May 28, 1988, Laura Mesch was injured in an automobile collision caused by the negligence of Morris E. Olivas, a letter carrier employed by the U.S. Postal Service. At the time of the accident, Olivas was in the course and scope of his employment with the United States.

Mesch was insured by a personal injury protection and collision insurance policy written by Nationwide. Under that policy, Nationwide paid Mesch's claim for damage to her car and for medical expenses, lost wages, and rehabilitation (PIP benefits). Nationwide brought this action under the FTCA for subrogation of the claim paid to its insured.

28 U.S.C. § 2674 waived the United States' sovereign immunity for tort claims based on the negligence of an employee of the United States. Likewise, Congress gave jurisdiction for FTCA claims to the federal district courts in 28 U.S.C. § 1346(b), which permits consideration of claims:

[F]or ... personal injury ... caused by the negligent or wrongful act or omission of an employee of the government ... under circumstances where the United States if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Therefore, the resolution of these motions is controlled by Colorado law and depends on whether the United States would be liable if it was a private person.

Furthermore, an FTCA suit may be brought by an insurer who has become subrogated to the rights of an insured who could have brought the action originally. *U.S. v. Aetna Casualty and Surety Co.,* 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949); *National Indemnity Co. v. U.S.,* 444 F.Supp. 1356 (C.D.Cal.1977), *aff'd,* 602 F.2d 1326 (9th Cir.1979). Thus, the only issue present here is whether Colorado would allow an insurer of an accident victim to maintain a subrogation claim against the tort-feasor.

As part of its Automobile Accident Reparations Act (No Fault Act), Colorado greatly curtailed the right of an accident victim to sue a tort-feasor. C.R.S. §§ 10–4–713, 10–4–714, and 10–4–715. Instead, the Colorado legislature substituted guaranteed compensation regardless of fault from the victim's own insurance carrier for PIP benefits. C.R.S. § 10–4–706(1)(b) to (1)(e). For these benefits, an accident victim is completely precluded from suing the tort-feasor. C.R.S. § 10–4–713(1). The victim can bring a tort action for damages not covered by PIP if he meets the threshold requirements of section 10–4–714.

However, an exception permits an insurer to bring a claim for subrogation against a tort-feasor. Section 10–4–713(1) states in relevant part:

[E]xcept that an insurer paying benefits under section 10–4–706(1)(b) to (1)(e) to or for any one person for whose injuries legal liability exists or may exist on the part of a third person who is not an insured under a policy of automobile liability insurance issued by an insurer licensed to write automobile liability insur-

ance in this state shall have a direct cause of action against an alleged tortfeasor....

Whatever else can be said about the benefits provided by the United States under the FTCA and the Federal Employees Compensation Act, the United States is not an "insurer licensed to write automobile liability insurance in this state." Therefore, the clear terms of Colorado's No Fault Act allow a direct cause of action by an insurer for subrogation in this limited circumstance.

The Colorado cases cited by the parties do not hold otherwise. In *Baumgart v. Kentucky Farm Bureau Mutual Insurance Co.*, 199 Colo. 330, 607 P.2d 1002, 1003 (1980), the court said: "In our view, a common sense and plain reading of § 10–4–713, C.R.S., requires the conclusion that it was designed to provide for a direct cause of action only where one of the parties is not an insurer licensed to do business in Colorado." If both parties are licensed insurers, the only remedy used to be mandatory intercompany arbitration under section 10–4–717. *Marquez v. Prudential Property Casualty Insurance Co.*, 620 P.2d 29 (Colo.1980). In 1980, the Colorado legislature removed this remedy, preferring to further reduce tort litigation by letting the losses lie where they fall. *Peterson v. Kester*, 791 P.2d 1185, 1188 (Colo. App.1989). Significantly, however, the General Assembly left intact the exception in section 10–4–713(1).

If the United States were a "private person," it would be liable under this section because it does not have a conforming PIP policy written by a licensed insurance company. Therefore, defendant's motion for dismissal or in the alternative for summary judgment is denied. Because plaintiff did not file a cross-motion for summary judgment, final judgment cannot enter.

Accordingly, IT IS ORDERED THAT:

(1) Defendant's motion for dismissal or in the alternative for summary judgment is DENIED.