Era NAIDEN and Neil Naiden,
Petitioners,

v.

Penny A. EPPS and The Industrial Claim
Appeals Office of the State of
Colorado, Respondents.

No. 93CA0007.

Colorado Court of Appeals,
Div. I.

Dec. 30, 1993.

Cruz & Associates, Amado L. Cruz, Denver, for petitioners.

Thomas D. Hacker, Denver, for respondent Penny A. Epps.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Opinion by Judge CRISWELL.

Petitioners, Era and Neil Naiden (the employers), challenge the constitutionality of a portion of the Workers' Compensation Act applied by the Industrial Claim Appeals Panel in determining that Penny A. Epps (claimant) was entitled to disability benefits because she performed full-time domestic work. We uphold the constitutionality of the statute, § 8–40–302(4), C.R.S. (1993 Cum.Supp.), and, therefore, affirm the Panel's order.

Claimant injured her back while performing duties as a domestic worker in the employers' home. The Administrative Law Judge (ALJ) found that claimant was a full-time employee and, hence, awarded claimant disability benefits which were increased because of the employers' uninsured status. The Panel affirmed, noting its lack of jurisdiction over the constitutional issue.

The employers contend that § 8–40–302(4) violates equal protection guarantees by arbitrarily distinguishing between employers who employ domestic workers for 40 hours or more per week from those who employ such workers for a lesser period of time. We perceive no constitutional defect.

Section 8–40–203, C.R.S. (1993 Cum.Supp.) contains the general definition of an "employer" under the Act, i.e., "[e]very person ... who has one or more persons engaged in the same ... employment ... in service under any contract of hire, express or implied."

However, § 8–40–302, C.R.S. (1993 Cum. Supp.) limits the scope of this term in several ways. Section 8–40–302(4), C.R.S. (1993 Cum.Supp.) provides that the Act is not intended to apply to "employers of persons who do domestic work," if such an employer has no other employees and if the employment is not within the course of the trade, business, or profession of the employers. This limitation upon the scope of the term does not apply, however, if the domestic worker is employed "on a full-time basis." And, for this purpose, a "full-time" worker is one who performs services "for forty hours or more a week or on five days a week."

Thus, an employer who employs a domestic worker for 40 or more hours or five or more days per week must secure disability compensation for those workers, while an employer of a domestic worker less regularly employed need not do so. And, it is this distinction which the employers here argue is improper.

■ In determining whether § 8–40–302(4) is constitutional, we begin with the presumption that it is valid. *Tomsha v. City of Colorado Springs*, 856 P.2d 13 (Colo.App. 1992). The burden is on the party challenging the classification to prove its invalidity beyond a reasonable doubt. *Higgs v. Western Landscaping & Sprinkler Systems, Inc.*, 804 P.2d 161 (Colo.1991).

■ Further, because there is no suspect classification or fundamental right created by § 8–40–302(4), that statute must be upheld unless it creates an arbitrary classification which is not rationally related to a legitimate state purpose. *Dawson v. P.E.R.A.*, 664 P.2d 702 (Colo.1983).

■ Moreover, equal protection is not violated merely because imperfect classifications are embodied in laws, even if the classification results in some inequality. *Bellendir v. Kezer*, 648 P.2d 645 (Colo.1982). Further, if a general classification has a rational basis, the location of the precise boundary to be drawn to separate those within that classification from those without is a subject for legislators, not for judges. *Firelock, Inc. v. District Court*, 776 P.2d 1090 (Colo.1989) (establishing $50,000 as amount for claims below which arbitration is required is not violative of equal protection); *Bushnell v. Sapp*, 194 Colo. 273, 571 P.2d 1100 (1977) (legislative threshold of $500 loss before lawsuit may be instituted not constitutionally discriminatory).

■ Here, the employers do not argue directly that there is no rational difference, for purposes of requiring an employer to provide workers' compensation benefits, between an employer who uses a domestic worker on only an irregular or casual basis from one who employs such a worker on a regular, full-time basis. The argument is only that the point at which the General Assembly drew the line results in arbitrariness.

The intent of the General Assembly in adopting the statute was to grant an exemption only to employers of *casual* domestic workers; the definition of "full-time" used the number of hours or days worked per week simply as a means of differentiating the casual domestic worker from the regular worker. *See* Hearings on H.B. 1094 before the House Business Committee, 54th General Assembly, First Regular Session (January 18, 1983); Hearings on H.B. 1094 before the Senate Business Committee, 54th General

Assembly, First Regular Session (February 16, 1983).

The legislation recognizes that an employer might hire a number of casual, part-time domestic workers in various capacities. The effect on the sporadic employer of a window washer, repairman, snow shoveler, grass mower, or babysitter would be chaotic, if that employer was required to secure compensation insurance each day a different casual domestic worker entered the employer's premises. *See* 1C A. Larson, *Workmen's Compensation Law* § 50.25 (1993).

Thus, it is rational to exempt employers from liability when employment is casual and limited, while imposing liability on employers of regular and full-time employees. This statutory scheme balances the concerns of the employer, who has no means of passing along the cost of workers' compensation coverage to a consumer, *see Connor v. Zelaski,* 839 P.2d 501 (Colo.App.1992), with the plight of the injured domestic worker, whose injury is no less serious than that of an industrial worker. *See* 1C A. Larson, *Workmen's Compensation Law* § 50.25 (1993).

Hence, because there is a rational purpose for distinguishing between full-time and casual employees, the fact that the line drawn by the General Assembly may result in some specific instances of inequality does not invalidate the statute. *See Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491, 501–502 (1970) (if classification has some reasonable basis, it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality").

The order of the Panel is affirmed.

PIERCE and ROTHENBERG, JJ., concur.