**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

Civ. A. No. 93–F–2662.

United States District Court, D. Colorado.

July 19, 1994.

Randall S. Herrick–Stare, Matthew A. Holmes, Walberg & Dagner, Englewood, CO, for plaintiff.

Henry L. Solano, U.S. Atty., Mark S. Pestal, Asst. U.S. Atty., Denver, CO, for defendant.

## ORDER GRANTING MOTION TO DISMISS

SHERMAN G. FINESILVER, District Judge.

This matter is an action brought pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. 2671 *et seq.,* in which an insurance company seeks to recover payments made to its insured stemming from an accident involving a United States Army bus. The matter comes before the Court on Defendant's *Motion To Dismiss* filed March 16, 1994. Plaintiff has responded. The parties also filed a *Stipulation Of Undisputed Facts* on May 23, 1994. Jurisdiction is pursuant to 28 U.S.C. 1346(b).

### BACKGROUND

On May 7, 1989, Plaintiff's insured, Jean Kelly, was a passenger on a U.S. Army bus at Fort Carson, Colorado. The bus, driven by Clarence Henley, left the road and turned over on its side. The accident was due to the driver's negligence. Jean Kelly suffered injuries in the accident for which she has required medical care, rehabilitation services. She has also lost time from work.

At the time of the accident, Plaintiff had an insurance policy in effect with Ms. Kelly which, in compliance with the Colorado Auto Accident Reparations Act ("CAARA"), C.R.S. §§ 10–4–701 *et seq.,* provided, *inter alia,* for payment of certain medical and rehabilitation expenses and lost wages arising out of a motor vehicle accident ("PIP" benefits). Plaintiff has paid a total of $19,018.18 in PIP benefits to or on behalf of its insured, and additional payments were expected to be made through May, 1994. Plaintiff claims that the United States has a duty to reimburse it pursuant to the Colorado Auto Accident Reparations Act, C.R.S. §§ 10–4–701 *et seq.* The United States denies that it has a duty to reimburse Plaintiff.

### STANDARD FOR MOTION TO DISMISS

■ Under FED.R.CIV.P. 8(a)(2), a plaintiff is required to offer a short and plain statement of the claims against defendants. "This requirement guarantees that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.,* 767 F.Supp. 1062, 1069–70 (D.Colo.1991), *aff'd,* 964 F.2d 1022 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 601, 121 L.Ed.2d 537 (1992) (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957)).

■ A claim should not be dismissed under FED.R.CIV.P. 12(b) unless a plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Tri–Crown, Inc. v. American Fed. Sav. & Loan Ass'n,* 908 F.2d 578, 582 (10th Cir.1990). The court must accept all factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. All of the plaintiff's pleadings must be liberally construed. *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). As long as a plaintiff offers evidence in support of a legally recognized claim for relief, motions to dismiss must be denied. *Fostvedt v. U.S., I.R.S.,* 824 F.Supp. 978, 985 (D.Colo.1993), *aff'd,* 16 F.3d 416 (10th Cir.1994).

### ANALYSIS

The facts relating to the accident or payments made by Plaintiff to its insured are not in dispute. Plaintiff, however, claims that it

is entitled to be reimbursed by the United States under either of two alternative theories. First, Plaintiff contends that the coverage of the United States, whether through insurance or self-insurance, is "primary" under the terms of C.R.S. § 10–4–707 and that of itself is "secondary." Alternatively, Plaintiff contends that the U.S. is a non-complying tortfeasor if it is either uninsured or if no certificate of insurance had been issued to it by the State of Colorado, and thus is liable to Plaintiff.

■ Defendant argues in its *Motion To Dismiss* that pursuant to C.R.S. § 10–4–713, an insurance company is not entitled to subrogation from a tortfeasor for benefits paid to an insured unless the tortfeasor "is not an insured under a policy of automobile insurance issued by an insurer licensed to write automobile insurance" in Colorado. C.R.S. § 10–4–713. The United States concedes that it does not have insurance provided by an insurer licensed in Colorado, but contends it is self-insured and thus is entitled to the benefits of CAARA. Under the Federal Tort Claims Act, 28 U.S.C. § 2674, the United States has waived its immunity only to the extent as it can be held liable "in the same manner and to the same extent as a private individual under like circumstances." Thus Defendant believes that it should be considered "in like circumstances" with an individual possessing insurance, as it is effectively self-insured. Defendant also contends that vehicles belonging to the United States are explicitly exempted from the requirements of the CAARA. C.R.S. § 42–3–103(3) (vehicles owned by the United States need not be registered in Colorado) and C.R.S. § 10–4–703(7) (definition of "motor vehicle" under CAARA refers to vehicles "required to be registered and licensed under the laws of this state"). *See also Bushnell v. Sapp,* 194 Colo. 273, 571 P.2d 1100, 1102 (1977).

Defendant contends that this particular issue has been decided in its favor already. Defendant cites the Tenth Circuit Court of Appeals' recent decision in *Nationwide Mu-*

*tual Insurance Co. v. United States,* 3 F.3d 1392 (10th Cir.1993), in which the Court held that since the United States was self-insured and thus functionally in compliance with the provisions of CAARA, it should be considered to be in "like circumstances" under the FTCA to a private party who actually possessed insurance derived from a Colorado licensed insurer. *Nationwide* involved an action by an insurer to recover from the United States under the FTCA for PIP benefits paid to its insured who was injured in a car accident with a United States Postal Service vehicle whose driver was negligent. The Court of Appeals remanded the case, however, for determination of an additional issue, that is, whether or not the self-insurance coverage provided by the United States is in fact equivalent to that required by CAARA.[1]

Similarly, this Court has previously held that "[w]hile the government may technically be an uninsured motorist," considering the purpose of Colorado's no-fault accident law, which is to avoid inadequate compensation to victims of car accidents, and the fact that the United States is self-insured, the government should not be considered to be an uninsured motorist. *Mid Century Auto v. United States Postal Service,* 90–F–1032, slip op. at 4. *See also United States Fidelity & Guar. Co. v. United States,* 728 F.Supp. 651 (D.Utah 1989), the reasoning of which in this regard the court in *Mid Century Auto* relied upon. The Court noted in *United States Fidelity* that "[b]ecause the federal government provides its employees with financial security at least equivalent to that required by Utah law," it should be considered in like circumstances to an insured operator of a vehicle despite the fact that it did not choose specific options under Utah law. (Utah's no-fault law is similar to Colorado's. *Mid Century,* slip op. at 4.) The United States, under the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101 *et seq.* ("FECA"), provides federal employees with unlimited coverage of medical bills and lost wages.

Plaintiff posits that Defendant misconstrues its subrogation claim that the United

---

1. In that case, the government has filed a post-appeal motion for summary judgment in the United States District Court for the District of Colorado, which remains pending as of this date.

Civil Action No. 90–B–933. The District Court's earlier opinion is reported at *Nationwide Mutual Insurance Company v. U.S.,* 772 F.Supp. 538 (D.Colo.1991).

States may be a non-complying tortfeasor, and therefore liable to Plaintiff. It argues that the United States must not be in like circumstances with someone who provides coverage consistent with CAARA, because it has failed to pay benefits to an injured passenger that someone so situated would have. Allstate also argues that the U.S. is not in like circumstances with a private insured individual, because it does not provide PIP benefits, and because the injured here was not insured under whatever policy the U.S. has, presumably FECA. Plaintiff argues that in any event the subrogation question does not settle the matter, as the *Complaint* states an alternative claim that the United States' coverage for the accident is "primary," pursuant to C.R.S. § 10–4–707, while Plaintiff's coverage is secondary. Plaintiff contends that pursuant to C.R.S. § 10–4–707(3), if there are two insurance policies that pertain to one accident, the policy insuring the vehicle is primary, and the insurance covering an injured passenger not covered by the vehicle's policy is secondary. Thus, Allstate contends that the benefits it provided its insured should have been provided by the government, and Plaintiff is entitled to be reimbursed.

As the Court noted in *Nationwide*, pursuant to the FTCA, it is only necessary that the United States be "similarly situated" to a private party, as "the United States is seldom situated identically to private parties." *Nationwide*, 3 F.3d at 1396. The Court also found that

> so long as the United States provides protection that is equivalent to that which Colorado can and does require of private parties, the United States should be able to take advantage of the immunity that Colorado law offers to private parties. Accordingly, since the United States functionally complied with the requirements of § 10–4–713(1) by maintaining a financially responsible system of self-insurance, we conclude that the United States was in "like circumstances" to a private individual who actually procured insurance from a Colorado licensed insurer.

*Nationwide*, 3 F.3d at 1396–97.

Thus, the Court concluded, the government satisfied the requirements of § 10–4–713(1). *Nationwide* is dispositive on that issue. The only question left open was whether the United States' coverage was "equivalent to that required under section 10–4–706," as that is what is required under § 10–4–715(1)(a) in order for a tortfeasor to take advantage of the immunity offered if it provides insurance.

■ The government argues that it provides coverage that is equivalent to that required by Colorado law under § 10–4–706. It contends that under the FTCA, there is no limitation on damages, and thus an injured passenger is allowed to recover greater benefits than those required as PIP benefits, even if those benefits are not called "PIP" benefits per se. The United States also points out that it settled a tort claim filed by the injured passenger in this case, so Plaintiff's contention that the United States cannot be considered in like circumstances because it did not pay benefits to an injured passenger is without foundation. The purposes of CAARA include avoiding "inadequate compensation to victims of automobile accidents" and requiring insurance coverage that is capable of "providing benefits to persons occupying such vehicles and to persons injured in accidents involving such vehicles." C.R.S. § 10–4–702. In *Bushnell*, 571 P.2d at 1103, the Colorado Supreme Court found that because the defendant City of Colorado Springs provided insurance equivalent to that required under CAARA, the protection provided by § 10–4–715(1)(a) was applicable, and the plaintiff could not maintain a tort action.

A comparison of the coverage requirements of § 10–4–706 with the coverage actually provided under the terms of the FTCA and FECA demonstrates that the United States is in compliance with § 10–4–715 and provides equivalent coverage for persons injured in auto accidents. CAARA requires legal liability coverage for bodily injury or death of $25,000 to any person in any one accident and $50,000 to all persons in one accident, and $15,000 worth of property damage coverage for any one accident. § 10–4–706(1)(a). The FTCA, through a waiver of sovereign liability for individual tort claims,

provides for unlimited liability coverage, under state liability laws. Section 10–4–706(1)(b) requires no-fault compensation for medical expenses benefits of up to $50,000. § 10–4–706 also requires payments for rehabilitation, limited amounts of lost wages, and $1000 as a death benefit. FECA, 5 U.S.C. § 8101, provides that federal government employees are entitled to no-fault benefits for any injuries stemming from the performance of work, including unlimited coverage for medical bills, rehabilitation, and lost wages, and also provides death benefits tied to an employee's salary.[2] Clearly, the United States, through its waiver of sovereign immunity in FTCA, and through the benefits provisions of FECA, provides "coverage equivalent to that required under section 10–4–706" as required under C.R.S. § 10–4–715(1)(a). Thus, Plaintiff is not entitled to bring a subrogation action against Defendant United States for PIP benefits it paid to its insured as a result of the bus accident.[3] C.R.S. § 10–4–713.

## ORDER

Accordingly, it is hereby ORDERED that

(1) Defendant's *Motion To Dismiss* is GRANTED;

(2) Plaintiff's *Complaint* is DISMISSED,

(3) All dates previously set by the Court are VACATED;  and

(3) Each party is to bear its own costs.

---

**2.** The United States indicates that the only benefit that it does not provide that CAARA includes is for no-fault benefits for "treatment rendered in accordance with a recognized religious method of healing." C.R.S. §§ 10–4–706(1)(b) and 706(1)(c)(I)(B).

**3.** Finally, the government notes that even if Allstate paid benefits to its insured that it need not have as a secondary insurer pursuant to C.R.S. § 10–4–707, Plaintiff has not indicated under what law it is entitled to be reimbursed for any such possibly erroneous payments. Defendant also indicates that any responsibility for reimbursing Plaintiff is especially unclear where the United States has itself already paid the injured passenger.