Hillsborough,
No. 6102.

## DAVID R. DONNELLY *v.* CITY OF MANCHESTER.

February 26, 1971.

*McLane, Carleton, Graf, Greene & Brown* and *Jack B. Middleton* and *Arthur G. Greene* ( *Mr. Middleton* orally ), for the plaintiff.

*J. Francis Roche,* City Solicitor, by brief and orally, for the defendant.

GRIMES, J.  In this petition for declaratory judgment the plaintiff, a resident of the town of Derry in this State and an employee as a schoolteacher of the defendant, seeks to have declared invalid an ordinance of the defendant which requires that all classified employees of the city, including schoolteachers, be or become within twelve months of their employment residents within the boundaries of the city unless granted a special permit by the Board of Mayor and Aldermen for certain specified reasons.

All questions of law were transferred here on an agreed statement of facts without ruling by *Leahy,* C.J.

The ordinance in question requires that in the absence of a waiver all positions shall be filled with persons who reside within the city. If the residence requirement is waived at the time a person is hired, the person receiving the waiver must immed-

iately take steps to become a resident of the city and must move into the city within twelve months. Permits to reside outside the city may be granted only for extreme financial hardship, shortage of housing, or health reasons. Section III:( F )( 1 ), ( 2 ) & ( 3 ).

We agree with the petitioner's contention that this ordinance constitutes an unconstitutional exercise of governmental power and is invalid.

Ordinances if authorized by legislation enjoy the same presumption of constitutional validity as statutes, ( *State* v. *Moore,* 91 N.H. 16, 21, 13 A.2d 143, 147 ( 1940 ); *State* v. *Paille,* 90 N.H. 347, 352, 9 A.2d 663, 666 ( 1939 ); *State* v. *Grant,* 107 N.H. 1, 3, 216 A.2d 790, 791 ( 1966 ) ), and they will not be declared void except on unescapable grounds. *Petition of Boston & Maine Corp.,* 109 N.H. 324, 251 A.2d 332 ( 1969 ); *Chronicle &c. Pub. Co.* v. *Attorney-General,* 94 N.H. 148, 48 A.2d 478 ( 1946 ). However when a statute or ordinance is clearly in conflict with the Constitution it is the duty of this court to declare it void. *Petition of Boston & Maine Corp., supra* at 326. " That the legislation may be of some public benefit is not enough, under the state constitution, to give it validity. In addition, it must not impair or destroy private rights guaranteed by the constitution." *Woolf* v. *Fuller,* 87 N.H. 64, 68, 174 A. 193, 196 ( 1934 ). It is recognized however that some impairment of private rights may be permitted and the test which has usually been employed is whether the restriction is reasonable. *Id.* at 68, 174 A. at 196. In passing upon the reasonableness of a restriction upon private rights the importance of the public benefit is balanced against the seriousness of the restriction of the private right sought to be imposed. *Id.; Dederick* v. *Smith,* 88 N.H. 63, 68, 184 A. 595, 599 ( 1936 ); *State* v. *Paille,* 90 N.H. 347, 352, 9 A.2d 663, 666 ( 1939 ). Thus it has been said that " if the legislation is directed to a public interest of minor concern, while imposing serious restrictions in regulation or bar of guaranteed rights to accomplish the interest, it tends to show its unreasonableness." *Woolf* v. *Fuller, supra* at 68-69, 174 A. at 196.

The right of every citizen to live where he chooses and to travel freely not only within the state but across its borders is a fundamental right which is guaranteed both by our own and the Federal Constitutions. *Ratti* v. *Hinsdale Raceway,* 109 N.H.

270, 249 A.2d 859 (1969); *Shapiro* v. *Thompson,* 394 U.S. 618, 22 L. Ed. 2d 600, 89 S. Ct. 1322 (1969). It is fundamental also that both Constitutions guarantee to all persons the equal protection of the laws, (*State* v. *Pennoyer,* 65 N.H. 113, 18 A. 878 (1889)) so that "' all persons should be equally entitled to pursue their happiness . . . .'" *Id.* at 115.

There is no question but that the Manchester ordinance places a restriction on a fundamental right of its employees to live where they wish. This being so the ordinance can be upheld only if the requirement that the employees live within the city serves a public interest which is important enough to justify the restriction on the private right. There is nothing in the record before us nor have any reasons been advanced which would justify the broad restrictions of this ordinance. We do not say that there are no employees whose residence near their place of duty may not be important enough to justify a restriction upon their place of residence but if such restrictions are permissible as to some this does not justify the broad and all inclusive requirement that all employees live within the city limits. Nothing has been brought to our attention in the record in this case which would justify the application of the restriction to schoolteachers. Their qualifications are certified by the State Board of Education (RSA 186:11(X) (supp.)) and once certified they are entitled to pursue their calling anywhere in the State and their qualification to perform their important function does not depend upon their place of residence.

It is true, as contended by the defendant, that there is no constitutional right to work for the city, but this does not mean that the granting of this privilege may be conditioned upon a surrender of a fundamental constitutional right. The old right-privilege distinction is no longer valid, (*Shapiro* v. *Thompson supra,* note 6; *Goldberg* v. *Kelly,* 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970)), and discrimination against some in public employment can no longer be practiced on the basis that the employment is a privilege which can be withheld from all. *Ratti* v. *Hinsdale Raceway supra,* (dissenting opinion); *Purdy & Fitzpatrick* v. *State,* 71 Cal. 2d 566, 79 Cal Rptr. 77, 456 P.2d 645 (1969).

It has been argued that those who are employed by the city should help support the cost of their employment by contributing to the economy of the city and to its tax base. But em-

ployees of the city earn their salaries, and any governmental interest in compelling them to be residents for whatever financial benefit there may be to the city from such residence is slight compared to the important interference with their private rights.

It is true that the court upheld a restriction upon the number of nonresident employees at pari-mutuel race tracks in *Ratti* v. *Hinsdale Raceway supra*. But this case is not *Ratti*. There we were dealing with a prohibitable activity involving the social evils associated with gambling which created a state interest to restrict the number of out-of-state track followers employed at local race tracks where pari-mutuel betting is permitted. This state interest justified the restriction imposed. Here no social evils are involved and no governmental interest exists which justifies the restrictions imposed by the ordinance.

We are not unaware that there are some cases in other jurisdictions which have held valid residential requirements for public employees. We do not believe, however, that these cases are consistent with modern federal requirements or with the spirit of our New Hampshire cases cited here and by both the court and the dissenter in *Ratti* and we therefore reject them.

We hold that the ordinance is invalid.

*Remanded.*

GRIFFITH, J., did not sit; the others concurred.