Hillsborough
No. 7970

DEIRDRE R. ANGWIN
CONSTANCE VAN HOUTEN
MARGE DORIS BURNS
MARY DONOVAN
THE MANCHESTER EDUCATION ASSOCIATION

v.

CITY OF MANCHESTER

May 9, 1978

*McLane, Graf, Greene, Raulerson & Middleton P.A.* of Manchester (*Jack B. Middleton* and *Robert E. Jauron* by brief and *Mr. Middleton* orally), for the plaintiffs.

*Elmer T. Bourque,* of Manchester, city solicitor, by brief and orally, for the defendant.

PER CURIAM. Petition for declaratory judgment and injunctive relief. Plaintiffs request the court to declare unconstitutional and unenforceable chapter 18, sections 18-30, 18-31 and 18-32 of the ordinances of the city of Manchester because these sections require teachers and others employed in the Manchester school system to reside within the boundaries of the city. The Court (*Batchelder,* J.) reserved and transferred all questions of law without ruling. We rule that the requested relief should be granted.

The ordinance herein involved was adopted on April 17, 1977. The parties agree that for all intents and purposes (save for a grand-

father clause) the ordinance is essentially identical to the one we invalidated in *Donnelly v. Manchester*, 111 N.H. 50, 274 A.2d 789 (1971), wherein the city also attempted to impose continuing-residence requirements on its municipal employees. The defendant city apparently reenacted such a residence requirement for municipal employees in response to *McCarthy v. Philadelphia Civil Service Commission*, 424 U.S. 645 (1976). In *McCarthy*, the United States Supreme Court upheld the federal constitutional validity of such a continuing-residence requirement imposed by the city on municipal firemen. The defendant would have us reexamine our decision in *Donnelly* and overrule it on the basis of *McCarthy*. We refuse to do so.

*Donnelly v. Manchester* was based on both our State and Federal Constitutions. We are not circumscribed by standards set forth in *McCarthy* if we grant individuals more rights than are called for by federal constitutional minima. *State v. Hogg*, 118 N.H. 262, 385 A.2d 844 (1978); *see State v. Leclair*, 118 N.H. 214, 385 A.2d 831 (1978). This we clearly have done. The city urges that we adopt the so-called rational basis test, which requires only that the statute or ordinance in question be rationally related to a legitimate governmental objective. We are not persuaded by defendant's several arguments, nor are we convinced that the recited "public purposes" amount to "a public interest which is important enough to justify the restriction on the private right." *Donnelly v. Manchester*, 111 N.H. at 52, 274 A.2d at 791.

We affirm *Donnelly* and hold that the ordinance is offensive to our State Constitution and therefore unconstitutional.

*Remanded.*