Request of House of Representatives
No. 78-102

OPINION OF THE JUSTICES

May 15, 1978

The following resolution was adopted by the house of representatives on April 25, 1978, and filed with the supreme court on April 28, 1978:

"Whereas, there is pending before the House of Representatives House Bill No. 56, An Act excusing a school board from its duty to provide education to residents of military installations; and

"Whereas, the bill excludes certain residents from those to whom a school board has a duty to provide an education; and

"Whereas, there is a question as to the constitutionality of House Bill No. 56; now, therefore, be it

"Resolved by the House of Representatives:

"That the Justices of the Supreme Court are respectfully requested to give their opinion and answer the following question:

"Does House Bill No. 56 in attempting to exclude certain persons from the group to whom a school board has a duty to provide an education violate any provision of the Constitution of the United States and/or any provision of the Constitution of New Hampshire?"

The following answer was returned:

*To the House of Representatives:*

The undersigned justices of the supreme court submit the following reply to the inquiry contained in your resolution dated April 25, 1978, and filed with this court on April 28, 1978.

The proposed statute, entitled "an act excusing a school board from its duty to provide education to residents of military installations," reads as follows:

1 Full Payment Required. Amend RSA 189:1-a (supp) as inserted by 1969, 356:10 as amended by striking out said section and inserting in place thereof the following:

189:1-a Duty to Provide Education. It shall be the duty of the school board to provide, at district expense, elementary and secondary education to all pupils under 21 years of age who reside in the district, excluding those students residing on a military installation, unless funds are provided by the federal government for the full cost of their education either by tuition or reimbursement, provided that the board may exclude specific pupils for gross misconduct or for neglect or refusal to conform to the reasonable rules of the school, and further provided that this section shall not apply to pupils who have been exempted from school attendance in accordance with RSA 193:5.

2 Effective Date. This act shall take effect 60 days after its passage.

█ █  The Supreme Court of the United States has specifically rejected the notion that federal enclaves are "states within a state." *Evans v. Cornman*, 398 U.S. 419, 421 (1970); *Howard v. Comm'rs of Louisville*, 344 U.S. 624, 627 (1953). This fiction cannot be resurrected here to assert that individuals residing on military installations are not residents of the State. Simply that a minor child resides on a federal military installation does not mean that he or she is not a resident of New Hampshire, at least for the purpose of determining whether public education must be provided. We read *Evans* as requiring that our State treat these minor children as residents of the school district in which the military installation is located.

█ █  Because these minor children are residents of the State, they are entitled to the protection of both the Federal and New Hampshire Constitutions. *See Opinion of the Justices*, 115 N.H. 222, 223, 337 A.2d 354, 356 (1975) ("[e]qual protection of the laws is guaranteed by both the New Hampshire and the United States Constitutions. N.H. Const. pt. I, art. 1; U.S. Const. amend. XIV, § 1"). Equal protection mandates that those residents who are similarly situated be similarly treated. *Id.*

█  The House bill in question attempts "to exclude certain residents from those to whom a school board has a duty to provide an education." In *San Antonio School Dist. v. Rodriguez*, 411 U.S. 1 (1973), the Supreme Court rejected a constitutional challenge to the State of Texas' system of financing public education. The Court held that the equal protection clause of the fourteenth amendment does not protect any "fundamental right" to education, and that therefore the classification involved in the Texas school financing scheme need only rationally further a legitimate State interest or purpose. *San Antonio School Dist. v. Rodriguez id. passim*. However, the court in *Rodriguez* left open the possibility "that an absolute minimum of educational benefits may be demanded of government in order to avoid inequalities in the right to speak or to vote. . . ." Tribe, American Constitutional Law § 16-9, at 1005 (1978), *citing San Antonio School Dist. v. Rodriguez*, 411 U.S. at 36–37. Thus, although under *Rodriguez* there might be no federally protected right to "equal education," there might be a federally preferred interest in certain minimum educational opportunities. At any rate, regardless whether *Rodriguez* so holds as a matter of federal law, we are not

limited to federal constitutional minima. *See State v. Hogg*, 118 N.H. 262, 385 A.2d 844 (1978); *Angwin v. Manchester*, 118 N.H. 336, 386 A.2d 1272 (1978). We are of the opinion that before the State may totally exclude certain residents from the public school system, it must articulate a reasonable basis for doing so. *See San Antonio School Dist. v. Rodriguez*, 411 U.S. at 70 (Marshall, J. dissenting); Tribe, *supra* at § 16-30, -31.

No interested party has filed briefs or memoranda articulating a reasonable basis for the proposed statute's denial of access to education. Given the posture of the question presented we are unable to say that the bill is constitutional. The answer to your question is therefore "yes," House bill No. 56 in attempting to exclude certain persons from the group to whom a school board has a duty to provide an education violates the State, and possibly also the Federal, Constitution.

We note that under 20 U.S.C. § 236 *et seq.* the Federal Government provides educational assistance to local school districts in areas affected by federal activity. If the underlying reason that this bill was sponsored was a belief that the Federal Government is not assisting certain school districts to the full extent required by statute, the local school districts do have some alternative avenues of relief. At least one federal district court has held that the federal courts have jurisdiction to review alleged abuses of discretion in paying funds to local school districts under 20 U.S.C. § 236 *et seq. School Board v. Richardson*, 332 F. Supp. 1263 (N.D. Fla. 1971).

EDWARD J. LAMPRON
WILLIAM A. GRIMES
MAURICE P. BOIS
CHARLES G. DOUGLAS III