Public Utilities Commission
No. 79-365

## APPEAL OF GRANITE STATE ELECTRIC COMPANY
### (New Hampshire Public Utilities Commission)

September 3, 1980

*Orr & Reno*, of Concord (*Richard B. Couser* orally), for Granite State Electric Company.

*William L. Shaine*, of Manchester, by brief and orally, for the Legislative Utility Consumers' Council.

KING, J. This is an appeal under RSA 541:6 by the Granite State Electric Company (hereinafter Electric Company) from a decision of the New Hampshire Public Utilities Commission (PUC) ordering a refund of certain revenues collected under rates

established on a rate base that included customer advances and deposits.

On May 23, 1978, the PUC authorized the Electric Company to increase its permanent rates annually by $913,912. On July 19, 1978, the Legislative Utility Consumers' Council (hereinafter LUCC) appealed the PUC decision and order to this court. On May 17, 1979, we held that the inclusion of "customer deposits" and "customer advances" in the Electric Company's rate base was improper and remanded the case to the PUC for the "limited purpose" of "deduct[ing] these items from the rate base" and "establish[ing] a new rate order reflecting that reduction." *LUCC v. Granite State Electric Co.*, 119 N.H. 359, 402 A.2d 644 (1979).

Pursuant to that decision, the Electric Company voluntarily filed new rates reflecting a reduction of $30,500 annually. On June 22, 1979, the PUC approved the proposed rates embodying the $30,500 rate reduction and ordered the Electric Company "to file a plan for the refund of those related revenues, including interest at 8% collected from the time the temporary rates were put into effect."

On July 10, 1979, the Electric Company filed with the PUC a motion for rehearing of that portion of the order which granted a refund with interest. On October 3, 1979, the PUC affirmed its order requiring the Electric Company to file a plan for refund, but withdrew the portion of the order that required the payment of interest on such refund. The PUC purported to base its affirmance of the order on its interpretation of our ruling in *LUCC v. Granite State Electric Co. supra.*

■■ The principal issue on appeal is whether the PUC lacked authority to order the Electric Company to refund revenues collected under rates authorized and approved by the PUC. The Electric Company argues that utilities and consumers are entitled to rely on "permanent" rates established under final PUC orders and that, absent statutory authority, final rates cannot be retroactively adjusted. *See Arizona Grocery v. Atchison Ry.*, 284 U.S. 370, 383–90 (1932); *Metropolitan District Comm'n v. Department of Public Utilities*, 352 Mass. 18, 26, 224 N.E.2d 502, 508 (1967). We agree. We note, however, that the rates established by the PUC in this case were not final. When on May 23, 1978, the PUC authorized a rate increase, that order did not become final until any appeals from that decision were exhausted or until the time for filing an appeal had run. RSA 541:6; *see* Supreme Court Rule 10. The LUCC motion for rehearing was denied on June 21, 1978, and it was from this order that the LUCC timely appealed to

this court on July 19, 1978. A final rate had, therefore, not been established.

It is important to note that the substitution of new rates in accordance with this court's order for those required by the PUC's earlier order does not involve a retroactive application of the law. Until the rate had become final, the rate established by the PUC had not become tantamount to a statute which could not be amended retrospectively. *See New England Tel. & Tel. Co. v. PUC*, 116 R.I. 356, 388, 358 A.2d 1, 21 (1976); *Montana Horse Products Co. v. Great Northern Ry. Co.*, 91 Mont. 194, 209, 7 P.2d 919, 925 (1932). Rather, the PUC's order established a rate base which was subject to change through the appeal process.

Although the PUC's statutory refund authority does not expressly encompass a situation where, as here, the PUC seeks to order a refund of revenues found to have been collected under an improper rate base upon judicial review by this court, we note that the PUC is vested with broad statutory power. The PUC was established to provide comprehensive provisions for the establishment and control of public utilities in the State, *Petition of Boston & Maine Corp.*, 109 N.H. 324, 326, 251 A.2d 332, 335 (1969), and was endowed with "important judicial duties" and "large administrative and supervisory powers." *Id.* at 326, 251 A.2d at 335; *Parker-Young Co. v. State*, 83 N.H. 551, 556, 145 A. 786, 789 (1929). In awarding reparation, the PUC performs a judicial function. *See Arizona Grocery v. Atchison Ry.*, 284 U.S. 370, 388, 389 (1932). As such, it must not only perform duties statutorily created, but also exercise those powers inherent within its broad grant of power. *See Petition of Boston & Maine Corp. supra.* One such power is to award restitution if one has been unjustly enriched at the expense of another. *See Cohen v. Frank Developers, Inc.*, 118 N.H. 512, 389 A.2d 933 (1978).

In this context, the terms "restitution" and "unjust enrichment" are modern designations for the older doctrine of quasi-contracts, and the action for "unjust enrichment," therefore, lies in a promise, implied by law, that one will restore to the person entitled thereto that which in equity and good conscience belongs to him. 17 C.J.S. *Contracts* § 6 (1963); *see Bloomgarden v. Coyer*, 479 F.2d 201, 211 (D.C. Cir. 1973); *Cecio Bros., Inc. v. Town of Greenwich*, 156 Conn. 561, 244 A.2d 404 (1968). A refund order is consistent with general principles of restitution requiring the return of property after a judicial determination that it was

improperly acquired. *Mountain States v. Ariz. Corp. Com'n*, 604 P.2d 1144, 1145 (Ariz. App. 1979); *see United Gas Co. v. Mobile Gas Corp.*, 350 U.S. 332 (1956); *Atlantic Coast Line v. Florida*, 295 U.S. 301 (1935). There is no exception exempting these principles if rate increases are involved. *Mountain States v. Ariz. Corp. Com'n supra; see Bebchick v. Public Utilities Commission*, 318 F.2d 187 (D.C. Cir. 1963).

■■ Moreover, the unavailability of a refund would force the consumer to purchase electricity at rates in excess of those established under proper criteria and thereby raise serious due process questions. *Mountain States v. Ariz. Corp. Com'n supra. See generally, Okla. Gas Co. v. Russell*, 261 U.S. 290 (1923). Accordingly, we hold that the PUC has authority to order the Electric Company to refund revenues collected under rates authorized and approved by the PUC but later found upon judicial review to have been collected under improper rates. We note, however, that appealed or appealable PUC orders in rate cases, to which the application of this decision is confined and applicable, are presumptively valid and may be acted upon by interested parties at their risk until such time as they may be suspended or reversed on appeal, even though not "final."

Because quasi-contractual obligations rest upon equitable considerations, they do not arise when it would not be unfair for the recipient to keep the benefit. *Bloomgarden v. Coyer, supra* at 211. While we are mindful of the Electric Company's difficulty in refunding a portion of what it has already collected, we do not find that that difficulty outweighs the interest of consumers who have paid charges at improper rates.

■ However, given the cost of actually writing out refund checks and mailing them to thousands of customers in twenty-three communities (a cost ultimately borne by them as rate-payers) we see no reason why a credit could not equally effectuate the above policy. Our opinion in *LUCC v. Granite State Electric Co., supra*, spoke in terms of deductions and not cash refunds of the $30,500. We therefore remand for the PUC to order credits if it deems that procedure to be a more cost-effective method in handling this small a refund.

The next issue is whether the PUC erred in failing to order the Electric Company to pay interest upon revenues collected under improper rates and now subject to refund. A Michigan circuit court addressed a similar question and ordered a power company to refund excess revenues with interest compounded annually from

the date of the collection of the excess revenues until the amounts of the refund had been tendered. *Consumers Power Co. v. Public Service Commission,* 15 P.U.R. 4th 508 (Mich. Cir. Ct. 1976). That court stated that the appropriate rate of interest on the

> ". . . refunds to be made by Consumers Power is that which the ratepayer could have obtained on the money he or she was unlawfully deprived of through the overcharge. . . . In so doing, the court seeks to avoid both unjustly penalizing Consumers Power and unjustly enriching the ratepayer. . . . [I]t is also believed that this rate of interest will deny Consumers Power any substantial gain from the use of the money derived from the unlawful overcharge."

*Id.* at 512. In the instant case, the utility may be unjustly enriched if no interest is required with the payment of refunds derived from charges under improper rates. Moreover, the payment of such interest is consistent with the statutory framework for payment of interest in civil proceedings at equity or in law. *See* RSA 365:29, 524:1-a, :1-b.

■ ■ We hold, therefore, that the PUC may order a public utility, which has collected charges àt rates which are not final and which are later found to be unlawful, to make due reparation either by repayment or by credit to persons who have paid according to those rates with interest from the date of payment. In keeping with equitable principles, however, we find this authority discretionary.

The PUC noted in issuing its order that:

> "Since overcollection must be attributed to Commission error, as determined by the Supreme Court decision in 78-174, we feel that any interest placed upon the Company at this time would unfairly add to reimbursement costs and increase a burden not of their own making. We therefore removed interest considerations in this matter."

Under these circumstances, we find no abuse of discretion in the PUC's denying interest.

*Remanded.*

All concurred.