Rosalie McCLELLAND v. PARIS PUBLIC SCHOOLS

87-173                                                    742 S.W.2d 907

Supreme Court of Arkansas
Opinion delivered January 19, 1988

*Mitchell & Roachell*, by: *Paul J. Ward* and *Clayton R. Blackstock*, for appellant.

*G. Ross Smith & Associates, P.A.*, by: *G. Ross Smith* and *W. Paul Blume*, for appellee.

STEELE HAYS, Justice. In this case of first impression, appellant Rosalie McClelland questions the constitutionality of a residency policy for teachers instituted by the Paris Public Schools, appellee.

Mrs. McClelland began teaching in the Paris School District in 1974 when she lived within the school district. While she was teaching and residing in the district, the district instituted a policy requiring certified personnel to reside within the district boundaries or within a ten mile driving distance of the city limits of Paris. Employees of the district were grandfathered in under the policy so long as they remained at their current residences.

In 1984 Mrs. McClelland approached the superintendent of the district and asked whether the policy would be applied to her if she were to move outside of the policy boundaries. She was told that it would and that her contract would not be renewed if that occurred. Nevertheless she moved approximately seventeen miles outside the district and her contract with the district was nonrenewed under the procedures of the Arkansas Teacher Fair Dismissal Act.

Mrs. McClelland filed suit in federal district court alleging violation of federal constitutional rights with her state law arguments presented as a pendent claim. The district court entered summary judgment in favor of the school district on the federal grounds and dismissed without prejudice the pendent state claims. No appeal was taken from that decision.

Mrs. McClelland also filed suit in Logan Circuit Court,

appealing the school board's decision. The circuit court found her arguments to be without merit and affirmed the board's decision.

Mrs. McClelland claims the district residency policy violates her rights of equal protection under the Arkansas Constitution art. II, § 18; that the action was discriminatory and unreasonable under Ark. Code Ann. § 6-17-1510 (1987) [Ark. Stat. Ann. § 80-1266.9 (Repl. 1980)] of the Teacher Fair Dismissal Act; and that her implied rights under art. II of the Arkansas Constitution to travel, reside and teach were violated.

Under any of the above theories the residency policy should be reviewed by its reasonableness or rational basis. *Streight* v. *Ragland*, 280 Ark. 206, 655 S.W.2d 459 (1983); *City of Piggott* v. *Woodard*, 261 Ark. 406, 549 S.W.2d 278 (1977); *Eubanks* v. *Nat'l Federation Student Protection Trust*, 290 Ark. 541, 721 S.W.2d 644 (1986) (equal protection); Teacher Fair Dismissal Act—Ark. Code Ann. §§ 6-17-1507, 6-17-1510 (1987) [Ark. Stat. Ann. §§ 80-1266.4, 80-1266.9 (Repl. 1980)]; *McCarty* v. *Philadelphia Civil Service Comm'n*, 424 U.S. 645 (1976); *Wardwell* v. *Board of Education of Cincinatti*, 529 F.2d 625 (1976) (right to travel).

Mrs. McClelland acknowledges this standard and also recognizes that under the federal constitution, she has no constitutional claim. However, she urges that under the Arkansas Constitution and statutes, we should adopt a higher standard of review or hold the policy unreasonable or not rationally related to its purpose.

Similar residency requirements have been consistently upheld as being constitutional. Such policies have been instituted and found valid not only for teachers, but for policemen, firemen and municipal employees generally. *Wardwell* v. *Board of Education, supra; Mogle* v. *Sevier County School Dist.*, 540 F.2d 478 (1976); *Cook County College Teacher Union Local 1600* v. *Taylor*, 432 F. Supp. 270 (1977); *Carofano* v. *City of Bridgeport*, 196 Conn. 623, 495 A.2d 1011 (1985); *Simien* v. *City of San Antonio*, 809 F.2d 255 (5th Cir. 1987); *Abrahams* v. *Civil Service Comm'n*, 65 N.J. 61, 319 A.2d 483 (1974); and *see* Annot., Policemen-Firemen Residency Requirements, 4 A.L.R. 4th 38 (1985), § 2; *McCarty* v. *Philadelphia Civil Service Comm'n, supra.*

There has been some rejection of school boards' residency policies. *Donnelly* v. *City of Manchester*, 111 N.H. 50, 274 A.2d 789 (1971); *Angwin* v. *City of Manchester*, 118 N.H. 336, 386 A.2d 1272 (1978).[1] However, school boards are increasingly requiring employees to maintain residence within the school district and challenges have been rejected by a majority of federal and state courts. 1 Valente, *Education Law*, § 12.8 (1985).

■ The standard of review employed in upholding residency requirements has generally been the rational basis test. This was the basis of *McCarty, supra*, by the U.S. Supreme Court. *See Mogle, supra; Carofano, supra; McCarty, supra*. This has also been the test used by most courts. *See Carofano, supra*. And as is pointed out in *Carofano*, while some courts have found that it was necessary to show more, *i.e.*, the "compelling interest" test, those states nevertheless found the test was met. *Krzewinski* v. *Kugler*, 338 F. Supp. 492 (D.N.J. 1972); *Fraternal Order of Police* v. *Hunter*, 49 Ohio App. 2d 185, 360 N.E.2d 708 (1975). Nor do continual residence requirements burden the fundamental rights found in the right to travel, *i.e.*, the right to "migrate, resettle, find a new job and start a new life." *Carofano, supra* (citing *Shapiro* v. *Thompson*, 394 U.S. 615 (1969)).

■ The weight of authority favors the rational basis test for teacher residency requirements, and appellant has cited nothing from our own cases that would prompt us to adopt a different approach. Under the rational basis standard of review, we must presume the legislation is constitutional, that it is rationally related to achieving a legitimate governmental objective. This presumption imposes upon the challenging party the burden of proving the unconstitutionality of the legislation, *i.e.*, that the act is *not* rationally related to achieving *any* legitimate objective of government under any reasonably conceivable state of facts.

---

[1] *See also* Policemen-Firemen Residency Requirements, *supra*, § 5; 1 Valente, *Education Law*, § 12.8 (1985) (Legislation has been promulgated by some states that prohibits municipalities from passing such residency requirements.); *Lanam* v. *Civil Service Comm'n of City of Ukiah*, 145 Cal. Rptr. 590, 80 Cal. App. 3d 315 (1978) (The California Constitution itself provides: "A city or county . . . may not require that its employees be residents of such city, county, or district; except that such employees may be required to reside within a reasonable and specific distance of their place of employment or other designated location.").

*Streight* v. *Ragland, supra.*

> Legislation which meets [the rational basis test] is not invalid because it is not all-embracing but instead is limited, for example, as to persons, subjects, objects to which the legislation is to be applied, or evils or abuses to be remedied or corrected.
>
> Equal protection is not achieved through indiscriminate imposition of inequalities, but discrimination alone, irrespective of its basis or effect, is not the test of denial of equal protection of the laws by a statute. A discrimination which is merely technical and in no sense substantial or unjust does not render a statute void. *City of Piggott, supra.*

Mrs. McClelland contends that the policy is discriminatory because it does not apply to non-certified personnel or to part-time employees. The argument is without merit. As stated in *City of Piggott, supra*, the rule will not be invalid under the rational basis standard simply for the failure to include all who might be encompassed within the policy. Appellant has not shown this exception to be substantial or unjust so as to render the rule wholly arbitrary. As appellee suggests, given the purpose of the rule, it is not unreasonable that the noncertified personnel such as bus drivers or custodians are not required to follow the residency requirement as they are providing services different from those offered by teachers. As to half-time certified employees, there appears to be only one and he worked in two districts. The reason for this exception is plain. The rational basis test does not require rigid adherence, and such exceptions are neither substantial nor unjust. *City of Piggott, supra.*

Mrs. McClelland also contends the act is selectively applied because she measured the driving distance of two other teachers who lived outside the district and by her measurements they were a short distance beyond the ten mile limit from Paris. There is no merit to this argument. The superintendent testified that to his knowledge, all certified personnel who had been hired since the implementation of the policy, with the exception of the teacher working in two districts, lived within the boundaries, and the court was not required to accept McClelland's testimony. Moreover, it is not enough to show that a law or ordinance has not been enforced against other persons as it is sought to be enforced

against the person claiming discrimination. Mere inequalities in the administration of the law are not, per se, contrary to equal protection. To establish arbitrary discrimination inimical to constitutional equality, there must be a showing of clear and intentional discrimination. 16A Am. Jur. 2d *Constitutional Law*, § 803 (1979); *Deyeso* v. *City of Alamo Heights*, 549 S.W.2d 123 (Tex. Civ. App. 1979); *People ex rel. New York* v. *Macbeth Realty Co.*, 100 Misc. 2d 926, 420 N.Y.S.2d 252 (1979); and *see Coffelt* v. *Bryant*, 238 Ark. 363, 381 S.W.2d 731 (1964). Appellant has made no showing beyond her bare claim of finding two or three other teachers who are on the margins of the district. This fails to show discriminatory administration.

Turning to the right to travel argument, since the argument requires only a rational basis review, in the context of residency requirements, such a review will also encompass appellant's claim that the rule is unreasonable or arbitrary and capricious under Ark. Code Ann. § 6-17-1510. *See Partlow* v. *Arkansas State Police Comm'n*, 271 Ark. 351, 609 S.W.2d 23 (1980). The rule will be upheld if it can be justified by any reasonably conceivable, rational state of facts. *Streight, supra; City of Piggott, supra; Partlow, supra.*

■ Appellant first argues that it is unreasonable to require personnel to live within the district or within ten miles of the City of Paris. The district is irregularly shaped and Paris lies in the western extreme. Because of this configuration, some employees of the district live farther from the school than Mrs. McClelland, which she contends points up the irrationality of the policy. But the goals pronounced by the school district are essentially those used in other jurisdictions, *see e.g., Simien, supra; Wardwell, supra*, and which have consistently been upheld in other jurisdictions. 1 Valente, *supra*, § 12.8. Those goals are basically community involvement and district identity as it relates to the tax base and support of district tax levies. The latter goal is tied to district residency and not to distance from school, while the former requires only a reasonable commuting distance from the city and not necessarily district residency. The district evidently decided not to restrict employment only to district residents, but in allowing non-district residents to teach, they must meet some other reasonable commuting distance to achieve some aspect of the goals to be served. (Appellant has not questioned the ten mile

limit for non-residents as arbitrary.) We find nothing irrational in this formulation.

██ As a final point, appellant argues there is no relationship between the goals identified by the school board and the policy that was instituted. She claims her performance did not change when she moved, and that one board member testified he observed no change in the teachers' commitment to the school after the policy was adopted and there was no evidence the policy had accomplished any of its goals. However, appellant misconstrues the test. It is whether there is any conceivable basis for the application of the rule, so that we can say the action was not arbitrary. The burden of establishing that result rests with appellant. *City of Piggott, supra; Streight, supra.*

In *Cook County College Teachers Union, supra,* a teacher-residency case, the court was presented with the same argument and faced with much stronger evidence than here, that the policy did not fulfill the desired goals. The court replied:

> The short response to this is that the Constitution is not violated so long as a law is not premised upon a patently irrational basis. 'Judicial inquiry does not concern itself with the accuracy of the legislative finding, but only with the question of whether it so lacks any reasonable basis as to be arbitrary.' [citations omitted] It may be that this rule is harsh and onerous upon non-resident teachers. It may also be true that the Board could have devised a better rule to achieve its goals, or one 'more just and humane.' But so long as it has been held that the reasons advanced are not utterly irrational, the rule cannot be held invalid. [citations omitted] [432 F. Supp. at 273.]

Affirmed.