The Honorable Terry Smith State Representative 181 Caroline Acres Road Hot Springs, Arkansas 71913
Dear Representative Smith:
This is in response to your request for an opinion on the following two questions:
 1. Does the City of Hot Springs Arkansas have the authority to require all city employees to live in the City of Hot Springs or the County of Garland?
 2. If the answer to the above is yes, would current city employees before the passage of such ordinance be grandfathered and only new employees after the passage of the ordinance be required to live in either the city or county?
In my opinion, the answer to your first question is "yes." Each city of the first class, including the City of Hot Springs, is authorized by statute "to perform any function and exercise full legislative power in any and all matters of whatsoever nature pertaining to its municipal affairs. . . ." A.C.A. § 14-43-602. "Municipal affairs" is defined as "all matters and affairs of government germane to, affecting, or concerning the municipality or its government," except certain specified "state affairs." A.C.A. § 14-43-601(a)(1). Residency requirements for municipal employees is not specifically listed as a state affair and, in my opinion, none of the items that are so listed can fairly be read as reserving to the state the sole authority to legislate in this area. I conclude that cities of the first class are authorized by law to impose residency requirements upon their employees.
To the extent your first inquiry was intended to question the constitutionality of a residency requirement for municipal employees, it is my opinion that such a requirement likely would be upheld against constitutional challenge. Enactments imposing a residency requirement as a condition of public employment have been upheld against challenges based upon the rights to due process, equal protection, and interstate travel. McCarthy v. Philadelphia Civil Serv. Comm'n, 424 U.S. 645
(1976); McClelland v. Paris Public Schools, 294 Ark. 292, 742 S.W.2d 907
(1988); Detroit Police Officers Ass'n v. City of Detroit, 385 Mich. 519,190 N.W.2d 97 (1971), appeal dismissed for want of a substantial federalquestion, 405 U.S. 950 (1972). Such enactments have been reviewed under the "rational basis test," under which legislation is presumed to be constitutional and rationally related to a legitimate governmental objective. Under that test, the burden of showing that the enactment "isnot rationally related to achieving any legitimate objective of government under any reasonably conceivable state of facts" is upon the person challenging the legislation. McClelland, 294 Ark. at 296 (emphases in original). It should be noted that a court considering a challenge to such an ordinance is not required to discover the actual reason for the legislation. Rather, the court's task "is merely to consider if any rational basis exists which demonstrates the possibility of a deliberate nexus with [governmental] objectives so that the legislation is not the product of utterly arbitrary and capricious government and void of any hint of deliberate and lawful purpose." Streight v. Ragland,280 Ark. 206, 215, 655 S.W.2d 459 (1983). It is clear that one challenging an enactment reviewed under the rational basis test bears a heavy burden.
With respect to your second question, it is my opinion that the ordinance itself must be reviewed in order to determine whether it applies to all employees or only to those hired after its enactment. The appropriate scope of a municipal ordinance is a legislative question to be determined by the city.
To the extent your inquiry was intended to question the constitutionality of an ordinance that fails to exempt current employees from the residency requirement, it is my opinion that an ordinance that imposes the requirement upon all employees likely would be upheld against constitutional challenge under the rational basis test, although, depending upon the facts, a given employee might be able to show that application of the requirement to him or her would amount to the unlawful impairment of a preexisting employment agreement. See Op. Att'y Gen.90-156 (copy enclosed). Whether such an argument would prevail in any particular case is heavily dependent upon the facts of the case and, as such, cannot be resolved in the context of an opinion of this office.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh